NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLAN MENDEZ-GALDAMEZ,<br><br>           Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>           Respondent. | No.   18-72296<br><br>Agency No. A206-362-708<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 1, 2020[**]
Seattle, Washington

Before: McKEOWN and VANDYKE, Circuit Judges, and KENDALL,[***] District
Judge.

Allan Mendez-Galdamez, a Honduran citizen, seeks review of the Bureau of

Immigration Appeals' ("BIA") denial of his application for withholding of removal.

We have jurisdiction pursuant to 8 U.S.C. § 1252, we review the BIA's findings of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

fact for substantial evidence, *see Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008), and we deny the petition.[1]

Substantial evidence supported the BIA's conclusion that Mendez-Galdamez failed "to establish that [local gang members] targeted the applicant because he was a member of his family." While family membership can be a cognizable particular social group, s*ee Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015), Mendez-Galdamez failed to show that he suffered the gang's harms and threats "on account of [his] familial relationship." *Parada v. Sessions*, 902 F.3d 901, 910 (9th Cir. 2018) (quoting *Rios*, 807 F.3d at 1128); *see also* 8 U.S.C. § 1231(b)(3)(A) ("*because of* the alien's … membership in a particular social group") (emphasis added). Unlike *Parada*, where the evidence clearly showed that the nongovernmental group was targeting a specific family, 902 F.3d at 910 (the guerrillas "even shout[ed] the … family name as [they] entered the family's village"), the evidence here reveals "no nexus between the harm and their status as family members." *Matter of L-E-A-*, 27 I. & N. Dec. 40, 46 (BIA 2017). Indeed, that Mendez-Galdamez can only speculate that gang members killed his father, that he and his family before and after his father's death were neither harmed nor threatened by the gang, and that he

---

[1] The parties are familiar with the facts and we recite them here only where necessary. Mendez-Galdamez has waived any argument regarding his request for relief under Article 3 of the Convention Against Torture by failing to raise and argue the issue in his opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (deeming issues not discussed in a party's opening brief waived).

successfully evicted the gang members from his sister's house once he found paying tenants, belie any suggestion "that the persecutors had any animus against the family or the respondent based on their biological ties, historical status, or other features unique to that family unit." *Id*. at 47. The agency reasonably determined that any harm was motivated by "general criminal reasons." And "[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

For the same reasons, Mendez-Galdamez cannot independently show that his "life or freedom *would be* threatened in [his home] country because of [his] … membership in a particular social group." *Id*. at 1015 (emphasis added; alterations in original) (quoting 8 U.S.C. § 1231(b)(3)(A)). As noted, his family has remained in Honduras unharmed and unthreatened. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 743–44 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013); *see also Estrada v. I.N.S.*, 775 F.2d 1018, 1022 (9th Cir. 1985) ("The absence of harassment of an alien's family tends to reduce the probability of persecution.").

**PETITION DENIED**.

3